ESTATE OF ELIZABETH D. LABOVITZ, DECEASED, RUTH WEINMAN, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Labovitz v. Commissioner
Docket No. 3054-85.
United States Tax Court
T.C. Memo 1985-538; 1985 Tax Ct. Memo LEXIS 98; 50 T.C.M. (CCH) 1325; T.C.M. (RIA) 85538; October 21, 1985. Philip E. Hughes, Jr., for the petitioner. James P. Clancy, for the respondent. GERBER
MEMORANDUM OPINION GERBER, Judge: Respondent moved to dismiss for lack of jurisdiction on April 8, 1985. The only issue presented is whether the petition should be considered timely filed under sections 6213 [1] and 7502, even though received and filed by the Court on the 98th day after the mailing of the notice of deficiency. A hearing was held at Philadelphia, Pennsylvania, on June 18, 1985, wherein the parties presented witnesses and evidence concerning respondent's motion. *99 Petitioner, Ruth Weinman, executrix of the Estate of Elizabeth D. Labovitz, resided in Philadelphia, Pennsylvania, at the time of the filing of the petition in this case. Respondent, by certified mail, sent a statutory notice to petitioner on November 2, 1984. The 90-day period for filing a petition with this Court expired on Thursday, January 31, 1985. The petition in this case was received and filed on Friday, February 8, 1985. The petition was prepared by petitioner's representative (representative) on or before January 31, 1985, and the office manager in representative's office prepared a $60 check for this Court's filing fee on January 31, 1985. The envelope in which the Court received the petition was postmarked January 31, 1985, by means of a private postage meter belonging to representative. Although it was representative's office policy to deposit outgoing mail in the office building post box at 3:45 p.m. daily, no evidence was offered that the office policy was actually carried out on January 31, 1985. Further, petitioner offered no evidence that the envelope containing the petition was placed in the designated place for pickup and deposit into the U.S. Mail on *100 January 31, 1985. One of representative's secretaries described inclement weather conditions (snow) in the vicinity of representative's office on January 31, 1985, and heavy snow (up to six inches) on February 2, 1985, in the same vicinity. A representative of the National Weather Service testified that observation at the Philadelphia airport reflected light snow until about 1:00 p.m. on January 31, 1985, and that the snow then was replaced by "drizzle" and "light drizzle" until approximately 6:30 p.m. The maximum snow depth for January 31, 1985, was two inches at 9:51 a.m., which decreased to one inch through 12:00 a.m. A representative of the U.S. Postal Service produced samplings of mail delivery between the area of representative's office and Washington, D.C., which reflected that all mail in the sample had been delivered in Washington, D.C., by the end of the third day. The Postal Service commitment is to deliver mail from the subject area to Washington, D.C., in two days. Only 95 percent of the sample met the commitment. A supervisor of mail pick-up and delivery in the specific area of representative's office's post office mailbox stated that there was no record of delay *101 in the pickup of mail on January 31, 1985. Section 6213(a) requires that a petition may be filed within 90 days of the mailing of a statutory notice. Section 7502(a) permits timely mailing as timely filing if the envelope containing the petition bears a postmark made by the U.S. Postal Service within the 90-day period. Where, however, the envelope containing the petition is postmarked by means of a private postal meter, section 301.7502-1(c)(1)(iii)(b), Proced. & Admin. Regs., requires that the private postmark must bear a date within the 90 days and be received by the Court not later than the time Post Office postmarked mail would have arrived if mailed on the 90th day. If the private postmarked mail is received after Post Office postmarked mail would have been received if mailed on the 90th day, then the petitioner must show: (1) That the envelope was actually deposited in the mails on or before the 90th day; (2) the delay was due to the transmission of the mail; and (3) the cause of such delay. These regulations, although difficult to satisfy, have been found to be consistent with the statute and not arbitrary, unreasonable or contrary to the legislative purpose. , *102 affd. per curiam ; . Respondent argues that petitioner has not satisfied either of the alternatives of the regulations. Petitioner contends that it has shown that: (1) The envelope was deposited in the mails on the 90th day; (2) the delay was due to transmission of the mail; and (3) the cause of the delay was the inclement weather conditions. Petitioner also questions the accuracy of the Postal Service's samples and delivery projections and urges us to take judicial notice of the normality of delays in the receipt of mail. We have addressed the ordinary time necessary for delivery of mail from the Philadelphia area to Washington, D.C. . In that case we found, based upon similar testimony from Postal Service employees, that four days was not out of the ordinary. By contrast, we have found that eight days from Morris, Minnesota, was not ordinary. . Likewise, we find that eight days is not the ordinary time that Postal Service postmarked mail *103 would have taken for delivery from Blue Bell, Pennsylvania, to Washington, D.C.
Concerning the first alternative of the regulations, we agree with respondent that petitioner has not proven that the envelope was deposited into the mails on the 90th day. Petitioner offered testimony of its representative's office practices and that the petition and check were prepared on or before the 90th day, but no evidence of actual mailing was offered. [2] Under the regulations, petitioner is required to prove all three elements to be entitled to come within the timely mailing or timely filing provisions of section 7502. [3]
*104 We, accordingly, find that a timely petition has not been filed and that we lack jurisdiction in this case. An appropriate order will be entered.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. The person identified in representative's office who would have mailed the envelope was not called by petitioner. This militates against a favorable finding on this point for petitioner, especially since no explanation for the absence of this key witness was offered. Cf. . ↩
3. Although it is not necessary to review the evidence for the remaining two parts of the regulations' alternative test, we point out that evidence of inclement weather in this case was sufficient to suspect that there could have been a delay in the mails. The evidence presented by respondent concerning the Jan. 31, 1985, weather conditions and Postal Service reports were sufficient to overcome a finding that petitioner satisfied the second test by showing that the delay was due to the transmission of the mail or the third test by showing the actual cause for such delay.↩